UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON THOMAS FICKENWORTH,<br><br>Petitioner,<br><br>v.<br><br>CHRISTIAN PFIEFFER, WARDEN,<br><br>Respondent. | No. 2:20-cv-0199 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, seeks habeas relief pursuant to 28 U.S.C. § 2254 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. See ECF Nos. 1, 5, 7. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons stated below, the undersigned recommends that this action be summarily dismissed pursuant to Rule 4 of the Habeas Rules Governing Section 2254 Cases.

I.  IN FORMA PAUPERIS APPLICATION

Petitioner has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 7. Accordingly, the request to proceed in forma pauperis will be granted.

II. RELEVANT PROCEDURAL HISTORY

On January 23, 2020, petitioner filed a federal habeas petition, which was subsequently transferred to this division. See ECF Nos. 1, 2. On February 3, 2020, petitioner filed an

1

unsolicited first amended petition ("FAP").  See ECF No. 5.  The court here considers the FAP.

III. STANDARD OF REVIEW

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The court must also dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or that fail to state a basis on which habeas relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Rule 2(c) of the Rules Governing § 2254 Cases requires every habeas petition to (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground, and (3) state the relief requested.  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a petitioner must give fair notice of his claims by stating the factual and legal elements of each claim in a short, plain, and succinct manner.  See Mayle v. Felix, 545 U.S. 644, 648 (2005) ("In ordinary civil proceedings . . . Rule 8 of the Federal Rules of Civil Procedure requires only 'a short and plain statement . . . .  Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement.")  Allegations in a petition that are vague, conclusory, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal.  See, e.g., Jones v. Gomez, 66 F.3d 199, 204-205 (9th Cir.1995); James v. Borg, 24 F.3d 20, 26 (9th Cir.1994).

IV. PETITIONER'S CLAIM

The FAP does not present any challenge to petitioner's conviction or his sentence.  See generally ECF No. 5 at 4-6.  Instead, petitioner states that he is "presenting a cross claim under House Joint Resolution 192 and Rule 13."  Id. at 4.  In the section of the petition calling for a

2

statement of facts in support of the claim, petitioner states:

> I am a secured party / creditor recorded under California State Seal with the Secretary of State under UCC I Financial Statement # 1260-006-6213-9. And exempt from levy in accordance with public policy and Uniform Commercial Code. (Exhibit A: is a cross claim under public policy. UCC and truth and lending) (Exhibit B: is a order for release by the secured party) (Exhibit C: is the acceptance for value for case #15F04462

ECF No. 5 at 4.

V. <u>DISCUSSION</u>

The First Amended Petition states that petitioner is serving an eleven-year sentence for driving or taking a vehicle without an owner's consent and for receiving or buying stolen property. <u>See</u> ECF No. 5 at 1. The claim that petitioner raises contests neither his convictions for these crimes nor his sentence, and is therefore not cognizable under the federal habeas statute. <u>See</u> 28 U.S.C. § 2254(a). Moreover, the claim is unintelligible.

Because the petition states no facts that could support habeas relief, it must be dismissed. The allegations of the FAP are virtually identical to those in the original petition. <u>Compare</u> ECF No. 1 at 1-6, <u>with</u> ECF No. 5 at 1-6. The undersigned concludes that further amendment would be futile, because nothing in either petition indicates the existence of any cognizable claim. For these reasons, it will be recommended that this action be summarily dismissed pursuant to Rule 4 of the Habeas Rules Governing Section 2254 Cases.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 7) is GRANTED, and

2. The Clerk of Court shall:

    a. Randomly assign a District Court Judge to this action, and

    b. Serve a copy of the petition filed in this case together with a copy of these findings and recommendations on the Attorney General of the State of California.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be SUMMARILY DISMISSED for failure to state a claim upon which relief may be granted, and

////

2. The court DECLINE to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See 28 U.S.C. § 2253(c)(2).

DATED: April 6, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE